UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY,<br><br>                       Plaintiffs,<br><br>v.<br><br>SUNRISE SENIOR LIVING MANAGEMENT, INC., Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X)Mary and James Does, Nurses, R.N., L.P.N. (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury),<br><br>                       Defendants. | Case No.: |

## Notice of Removal

Pursuant to 28 U.S.C. § 1441, defendant Sunrise Senior Living Management, Inc. ("SSLMI") hereby removes this action from the Superior Court of New Jersey, County of Monmouth, Law Division, to the United States District Court for the District of New Jersey. The grounds for removal are as follows:

1. Plaintiffs Estate of Robert M. Cassieri by its Executor Felicia Cassieri and Felicia Cassieri, individually, commenced an action in the Superior Court of the State of New Jersey, County

29343659v.1

-2-

of Monmouth, Law Division. That lawsuit is identified in that court as *Estate of Robert M. Cassieri, by its Executor, Felicia Cassieri, and Felicia Cassieri, individually v. Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X) Mary and James Does, Nurses, R.N., L.P.N. (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury)*, Docket No. MON-L-2952-21 (the "State Court Action").

2. The State Court Action may be removed, and is removed, to this Court under 28 U.S.C. § 1441.

3. This Court has original jurisdiction on the basis of diversity under 28 U.S.C. § 1332. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is based upon the action involving a matter in controversy exceeding the "sum or value of $75,000, exclusive of interest and costs," and being between "citizens of different States."

4. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that were served upon SSLMI in the State Court Action are attached as **Exhibit 1**.

5. **Diversity of Parties**. With regard to the citizenship of the parties, the following is alleged:

    a. In response to the Requests for Admission, Plaintiffs admitted the following: Plaintiff Felicia Cassieri lives in and is a citizen of the state of New Jersey. In 2019, Felicia

-3-

    Cassieri lived in the state of New Jersey. Robert Cassieri, the decedent of the Estate of Robert Cassieri, lived in the state of New Jersey in 2019. Robert Cassieri lived in and was a citizen of the state of New Jersey at the time of his death. Neither Robert Cassieri nor Felicia Cassieri were citizens of the state of Virginia from 2019 to the present. (Plaintiffs' Response to Defendant's Requests for Admission ¶¶3-9, **Exhibit 3**).

    b. SSLMI is a Virginia corporation with its principal place of business in Virginia. Therefore, SSLMI is a citizen of Virginia.

6. **Amount in Controversy**. The preponderance of the evidence pertaining to the kind and extent of the alleged injuries and damages demonstrates that the amount in controversy from Plaintiffs' point of view, as demonstrated in the allegations contained in the amended complaint, as demonstrated by the medical lien information provided on August 23, 2022 by Plaintiffs, and as admitted by Plaintiffs' inadequate objections to Defendant's Requests for Admission, exceeds $75,000, exclusive of interests and costs. The jurisdictional amount in a case, along with other diversity requirements, is determined as of the date that suit is filed. *See Wolde-Meskel v. Vocational Instruction Project Cmty. Services, Inc.*, 166 F.3d 59, 62 (2d Cir. 1999). In accordance with 28 U.S.C. § 1446, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The amount in controversy is determined using the allegations in the complaint if they include such an amount, and if they do not, courts may look to the petition for removal. *See Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957). In this case, specific damages were not pleaded in the complaint. On August 23, 2022, Plaintiffs provided a medical bill to

Defendants with information demonstrating medical expenses in the "Total Billed" amount of $127,315.60 (Plaintiffs' Optum Letter For Claimant Robert M. Cassieri Served on August 23, 2022, **Exhibit 4**). Plaintiff's amended complaint requests reimbursement for medical expenses and this letter alone demonstrates medical expenses that are well over the $75,000 threshold for the amount in controversy. Additionally, the amended complaint filed on July 7, 2022 alleges that Robert Cassieri sustained severe and permanent personal injuries, including wrongful death, endured pain and suffering and severe scarring, and was forced to incur medical treatment and expenses. Plaintiffs also assert loss of consortium damages. Further, Plaintiffs seek actual damages, punitive damages, and attorney's fees. (Plaintiffs' Amended Complaint of July 7, 2022, **Exhibit 1**).

Further, Plaintiffs did not adequately respond to Defendants' Requests for Admission, deeming them admitted under the New Jersey Court Rules. Requests for Admission must be admitted, denied, or properly objected to within 30 days under N.J.C.R. 4:22-1. Plaintiffs made improper objections to Defendant's Requests for Admission within 30 days as follows:

a. In response to Request for Admission "In this lawsuit, you will seek to recover more than $75,000 to compensate you for injuries and damages you allege to have sustained[]", Plaintiffs responded "Plaintiff neither admits nor denies, as this matter is in its infancy of discovery, whereby Plaintiff cannot fully analyze issues of liability." Under N.J.C.R. 4:22-1, "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient to enable an admission or denial." As such, Plaintiffs did not respond to this Request for Admission, and Plaintiffs' objection fails to demonstrate that the information it has

is insufficient to enable an admission or denial. (Plaintiffs' Response to Defendant's Requests for Admission ¶1, **Exhibit 3**). Notably, Plaintiff did not deny the request.

b. In response to Request for Admission "The matter in controversy in this lawsuit exceeds the sum or value of $75,000, exclusive of interests and costs", Plaintiffs responded "Plaintiff neither admits nor denies, as this matter is in its infancy of discovery, whereby Plaintiff cannot fully analyze issues of liability." As such, Plaintiffs did not respond to this Request for Admission, and Plaintiffs' objection fails to demonstrate that the information it has is insufficient to enable an admission or denial. (Plaintiffs' Response to Defendant's Requests for Admission ¶2, **Exhibit 3**). Notably, Plaintiff did not deny the request.

Defendants reserve the right to argue and prove that no damages were sustained or that, if any damages were sustained, they are less. Nevertheless, the monetary threshold for diversity jurisdiction has been established in this case.

7. **Service of Process**. Service of process (including the Complaint) occurred as follows: Sunrise Senior Living Services, Inc. was served with process at the Sunrise of Marlboro community located at 3 South Main Street, Marlboro, New Jersey 07746. SSLMI was served with process at Sunrise of Marlboro on August 29, 2021. On July 7, 2022, Plaintiffs amended the complaint to substitute SSLMI for Sunrise Senior Living Services, Inc..

8. **Timeliness**. SSLMI files this notice within 30 days of receipt of medical records from Plaintiffs demonstrating an Optum letter with a "Total Billed" amount of $127,315.60, and within 30 days of Plaintiffs' Response to Defendant's Requests for Admission. In accordance with 28 U.S.C. § 1446, a notice of removal can be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

for relief upon which such action or proceeding is based." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446. Plaintiff's complaint, filed on August 25, 2021, does not set forth a case that is removable. Plaintiffs' medical records, including the Optum letter demonstrating a "Total Billed" amount of $127,315.60, were served on August 23, 2022. Plaintiffs' Response to Defendant's Requests for Admission were served on August 18, 2022.

9. This action may be removed to this Court pursuant to 28 U.S.C. § 1441.

10. A copy of this notice of removal will be filed with the clerk of the Superior Court of New Jersey, Monmouth County, Law Division, as required by 28 U.S.C. § 1441(d).

**WHEREFORE**, defendant SSLMI requests that the State Court Action be removed to this Court, and that this Court issue such orders and process as are necessary to preserve its jurisdiction over this matter.

Date: August 25, 2022

Respectfully submitted,

Monica Doss, Esq.
Rafael Vergara, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 244-9500
dossm@whiteandwilliams.com
*Attorneys for defendant Sunrise Senior Living Management, Inc.*

To:  Thomas F. Rinaldi, Esq.
     Eichen Crutchlow Zaslow, LLC

29343659v.1

-7-

40 Ethel Road
Edison, New Jersey 08817
*Attorneys for Plaintiffs*

Clerk
Superior Court of the State of New Jersey
County of Monmouth

29343659v.1