

# Exhibit 1

Thomas F. Rinaldi, Esq.  Id. No. 026152010
Eichen Crutchlow Zaslow, LLC
40 Ethel Road
Edison, NJ 08817
(732) 777-0100
Attorneys for Plaintiff(s)

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH  COUNTY |
| | DOCKET NO. |
| Plaintiff(s) | |
| vs. | Civil Action |
| SUNRISE SENIOR LIVING SERVICES, INC. d/b/a SUNRISE OF MARLBORO, Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X)Mary and James Does, Nurses, R.N., L.P.N. (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner      with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury), | COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AFFIDAVITS OF MERIT, REJECTION OF NOTICE OF ALLOCATION, DEMAND FOR INSURANCE COVERAGE, DEMAND FOR DOCUMENTS, DEMAND FOR TRANSCRIPTION, DEMAND FOR INTERROGATORIES, NOTICE TO TAKE DEPOSITIONS AND CERTIFICATION |

_____
Defendant(s)

_____

The Plaintiff/decedent Estate of Robert M. Cassieri, by its Executor Felicia Cassieri, and Felicia Cassieri, Individually, resided in the Township of Old Bridge, County of Middlesex and State of New Jersey by way of Complaint says:

## **PARTIES**

1. Plaintiff/decedent Robert M. Cassieri was born on May 12, 1932.

2. On or about October 21, 2019, and for a period of time preceding this date, Plaintiff/decedent Robert M. Cassieri was a resident/patient of Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro.  Wherein during that time period and thereafter doctors, nurses and staff deviated from accepted standards of care and failed to provide Plaintiff/decedent Robert M. Cassieri with a safe environment.  As a result of that negligence, Plaintiff/decedent Robert M. Cassieri was caused to suffered devastating physical and mental injuries.

3. Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro were at all times relevant hereto a profit entity engaged in the business of rehabilitation care of the elderly and chronically ill or debilitated.  As such, this entity is subject to the various Federal, State and Local statutory and regulatory requirements imposed upon like institutions. Upon information and belief, at all times relevant hereto, these entities were duly licensed by the State

of New Jersey to engage in this business and held themselves out as a facilities skilled in offering this type of rehabilitation care.

4. Upon information and belief, Defendant Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro is duly licensed by the State of New Jersey to engage in said business. They hold themselves out as an organization skilled in offering rehabilitation care to the elderly.

5. Mary and James Does, licensed as a R.N. by the State of New Jersey, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries), Jane Doe, Director of Nursing, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries), John Doe Nursing Administrator, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries), Susan Doe, Nursing Supervisor, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries), Sara Doe, Certified Nursing Assistant (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries), and Joseph Doe, Staff, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly

or indirectly in Plaintiff=s care and/or are otherwise responsible for Plaintiff's injuries), ABC Corporation, (1-30) (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injuries), and are those who were charged with evaluating, diagnosing, caring for, protecting, supervising and managing the needs of  Plaintiff/decedent Robert M. Cassieri. They also represent those charged with administration, staffing, training and with the development and implementation of standards and procedures at this institution and those charged with evaluating Plaintiff/decedent Robert M. Cassieri and other patients at their time of admission and over the course of their residency for the purpose of establishing care plans, including the steps necessary to protect each patient from injury. Upon information and belief, each was an actual and/or apparent agent, servant and/or employee of Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro and/or  ABC (1-30) (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injuries) during the time period relevant hereto.

### **FIRST COUNT**
### **(Nursing Home Violations)**

Plaintiff/decedent Robert M. Cassieri was a patient at Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro. Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro conducts business in State of New Jersey, in the County of Monmouth. Plaintiff/decedent Robert M. Cassieri was a patient of defendants from September 2019 thru October 2019.

1.     Each defendant has violated each and every applicable Federal, State and local statute/regulation providing protections to nursing home residents, including, but in no way limited to N.J.S.A. 30:13 through 30:13-17, OBRA 42 USC 1395i et seq., 42 CFR 483.1 et seq., 488.300 et seq. and 488.400 et seq., relevant Medicare statutes and any other applicable statute or regulation as outlined in Court II as if more fully stated herein.

2.     As a direct consequence of said violations Helen Snodgrass sustained personal injuries and financial injury.

3.     Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro is a for-profit skilled nursing home and subsidiary and division of ABC Corporations 1-30 and/or managed by ABC Corporations 1-30, also a subsidiary of the aforementioned, and each and every act attributed to them and their employees in this complaint was conducted in the scope and course of their business.

**SECOND COUNT**

**(OBRA Violations)**

1.    For the sake of brevity, the plaintiff/decedent hereby repeat the allegations of the previous Count and incorporate those allegations in this Count as if set forth more fully herein.

2.    N.J.S.A. 30:13, et. seq. requires that defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff' injury) by way of the definition of "Rehabilitation Care Facility" comply with all Federal, State and local regulations with regard to long-term care facilities.

3.    The defendants violated OBRA regulations, which establish the minimum standard of care to be followed by defendants, including but not limited to the following:(A) 42 C.F.R. § 483.13(c)(2) the facility must ensure that all alleged violations involving mistreatment, neglect or abuse, including injuries of unknown source are reported immediately to the Administrator of the facility and to other officials in accordance with State law through established

procedures, including to the State Survey and Certification Agency;(B) 42 C.F.R. § 483.30(a)(1) the facility must provide services by sufficient number of each of the following types of personnel on a twenty four (24) hour basis to provide nursing care to all residents in accordance with resident care plans (i) except when waived under paragraph (c) of this section, licensed nurses; and (ii) other nursing personnel;(C) 42 C.F.R. § 483.25 each resident must receive and the facility must provide, the necessary care and services to attain and maintain the highest practicable physical, mental and psychological well-being, in accordance with the comprehensive assessment;(D) 42 C.F.R. § 483.20(b)(4)(iv) the facility failed to conduct an assessment after a significant change in resident's condition;(E) 42 C.F.R. § 483.20(d)(1) Comprehensive Care Plans the facility must develop a comprehensive care plan that includes measurable objectives and timetables to meet a resident's medical, nursing, mental and psychosocial needs that are identified in the comprehensive assessment.  The plan of care must deal with the relationship of items or services ordered to be provided (or withheld) to the facility's responsibility for fulfilling other requirements in these regulations;(F) 42 C.F.R. § 483.25 each resident must receive and the facility must provide, the necessary care and services to attain or maintain the highest practicable physical, mental and psychological well-being, in accordance with the comprehensive assessment;(G)  42 C.F.R. § 483.20(b)(4)(iv) the facility failed to conduct an assessment after a significant change in resident's condition.

4.    Plaintiff/decedent Robert M. Cassieri fell within the class of persons the statutory rules, regulations and laws were intended to protect by virtue of

N.J.S.A. 30:13, et seq, thus entitling the plaintiffs to adopt such laws as the standard of care for measuring defendants' conduct.

**WHEREFORE,** the plaintiff/decedent Robert M. Cassieri demands judgment against the Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X)  (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury), jointly, severally, and in the alternative, consistent with OBRA Regulations by virtue of N.J.S.A. 30:13, et. seq. for actual damages, punitive damages, reasonable attorneys' fees and costs for bringing said action.

### **THIRD COUNT**
### **(Deviations from Standard of Practice)**

1.      For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2.    At all relevant times hereto, the Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X), (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury) knew or should have known that their residents were infirm and in need of particular care and supervision.

3.    The Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X), failed to exercise adequate care and supervision of their residents, such as the plaintiff, to whom they owed such a duty.

4.    The Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe,

Nurses (I-X), Joseph Doe, Staff, (I-X) further failed to adequately evaluate the plaintiff as a fall risk and /or failed to take adequate and appropriate measures to prevent plaintiff's fall.

5.     Defendants deviated from accepted Standard of Practice.

6.     As a direct and proximate result of the aforesaid carelessness, recklessness and negligence of the Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X), Plaintiff Helen Snodgrass sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, was forced to incur medical expenses in the care and treatment of said injuries and scarring.

**WHEREFORE,** the plaintiff/decedent Robert M. Cassieri demands judgment against the Defendants, Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations (1-30), (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with

Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury, individually, jointly, severally, and in the alternative which will reasonably compensate them for the significant injuries, pain and suffering, wrongful death and other damages sustained together with attorneys' fees, interest and costs of suit.

## **FOURTH COUNT**
## **(Respondent Superior)**

1.    For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2.    At all relevant time hereto, defendants Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X), were employees of Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro.

3.    Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the

individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury) is responsible for hiring competent supervisors, managers, nurses and any other personnel necessary to oversee and monitor Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro  and its residents, such as plaintiff/decedent Robert M. Cassieri.

4.      The managers, supervisors, nurses including defendant Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) and others personnel at Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, John/Jane Does 1-30, (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury) failed to exercise due care in monitoring the residents therein and otherwise deviated from accepted standard of care and/or violated the nursing home bill of rights.

5.      The managers, supervisors, nurses and other personnel at Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of

Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury) failed to exercise due care in evaluating plaintiff and concluding that he was a viable candidate for living at the establishment.

6.     Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury) is liable for the negligence, carelessness and

recklessness of its employees and agents under the Doctrine of <u>Respondent Superior</u>.

7.    As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury), plaintiff sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, was forced to incur medical expenses in the care and treatment of said injuries, and scarring.

**WHEREFORE,** the plaintiff/decedent Robert M. Cassieri demands judgment against the Defendants, Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named

Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury) individually, jointly, severally, and in the alternative which will reasonably compensate them for the significant injuries, pain and suffering, wrongful death and other damages sustained together with attorneys' fees, interest and costs of suit.

### FIFTH COUNT
### (Reckless Indifference and Failure to Comply with The NJ Nursing Home Responsibilities & Rights of Residents Act and The Federal Nursing Home Reform Act)

1.     For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2.     The aforementioned acts of the defendants Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a

fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury) were outrageous and performed willfully, wantonly and with complete disregard to plaintiff-decedent's rights and in reckless indifference to the rights of others and specifically plaintiff/decedent Robert M. Cassieri and his family, and those acts further shocked the conscience of the community.

3.    Moreover, doctors, nurses and staff were required to and failed to comply with the NJ Nursing Home Responsibilities & Rights of Residents Act and the Federal Nursing Home Reform Act because they did not protect Plaintiff's right to freedom from abuse, mistreatment and neglect; to accommodation of medical, physical, psychological and social needs; the right to be treated with dignity; the right to participate in the review of one's care plan and to be fully informed in advance about any changes in care, treatment or change of status in the facility.

**WHEREFORE,** the plaintiff/decedent Robert M. Cassieri demands judgment against the defendants,  Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet

unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury)individually, jointly, severally, and In the alternative for punitive damages, reasonable attorneys' fees and costs of suit.

## SIXTH COUNT

## NEGLIEGENCE/GROSS NEGLIGENT

1. For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2. The plaintiff was dependent upon the defendants upon the defendants for her care, treatment, safety and well-being.

3. The defendants collectively have a duty of care to the plaintiff.

4.  As a result of the series of actions and inactions stemming from their failure to provide a safe environment for the plaintiff, failing to train and supervise staff, failing to oversee the facility, improperly licensing the facility, and failing to provide prompt medical treatment, the defendants breached that duty of care and proximately caused the plaintiff serious, permanent and irreparable injury.

5.  The actions of the various defendants constitutes gross negligence under the circumstances.

**WHEREFORE,** plaintiff/decedent demands judgment against the defendants jointly, severally, and in the alternative (a) awarding compensatory damages including payments and economic loss for the personal injuries suffered by the plaintiff (b) awarding prejudgment and post- judgment interest to the plaintiff; (c) awarding costs and expenses of this litigation; (d) awarding reasonable attorney's fees and costs to the plaintiff; awarding punitive damages to the plaintiff pursuant to N.J.S.A. 2A:15-5.9 *et seq* and granting any such other relief as the Court deems equitable, just and proper under these circumstances.

### SEVENTH COUNT
### (Per Quod)

1.     Plaintiff, Felicia Cassieri, repeats the allegations contained in the prior counts and makes them a part hereof as though the same were more fully set forth herein and made a part hereof.

2.     At the time of the malpractice and down to the present date, Felicia Cassieri, has been the wife of Robert M. Cassieri and, as such, is entitled to her love, services and consortium, all of which she has been deprived of due to the negligence of the defendants.

**WHEREFORE**, the plaintiff, Felicia Cassieri, demands judgment against the defendants on this Count for damages, interest and costs of suit.

### EIGHTH COUNT
### WRONGFUL DEATH

1. For the sake of brevity, the plaintiff/decedent hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2. The Defendants failed to exercise reasonable care in the medical management of their patient, deviated from accepted standards of medical care and were negligent.

3. As a direct and proximate consequence of the defendants' deviation from accepted standards of care, Robert M. Cassieri sustained severe and permanent injuries including death, endured profound pain and suffering, suffered pecuniary loss, incurred financial obligations and was otherwise caused to suffer damage.

4. Plaintiff, by its Executor, Felicia Cassieri, brings this action for all of the pecuniary losses suffered by the heirs of the decedent, including funeral expenses, medical expenses, loss of guidance, companionship, advice and consortium and otherwise, as provided by N.J.S.A. 2A:31-1, et seq., "The Wrongful Death Act" and any and all other recoverable damages authorized by this statute.

**WHEREFORE**, plaintiff/decedent demands judgment against the defendants, jointly, severally, and in the alternative: (a) awarding compensatory damages for the injuries to the plaintiff; (b) awarding pre-judgment and post-judgment interest to the plaintiff; (c) granting such other relief as the Court deems just and proper.

**NINETH COUNT**

**<u>SURVIVAL ACTION</u>**

1. For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2. The Defendants failed to exercise reasonable care in the medical management of their patient, acted below accepted standards of care and were negligent.

3. As a direct and proximate consequence of the defendants' deviations from accepted standards of care, Robert M. Cassieri sustained severe and permanent injuries including death, endured profound pain and suffering, suffered pecuniary loss, incurred financial obligations and was otherwise caused to suffer damage.

4. Plaintiff, Estate of Robert M. Cassieri, by its Executor, Felicia Cassieri brings this action for all of the damages sustained by Robert Cassieri prior to his death and for all other damages afforded  through N.J.S.A. 2A:15-3, et seq., "The Survival Statute".

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly, severally, and in the alternative: (a) awarding compensatory damages for the injuries to the plaintiff; (b) awarding pre-judgment and post-judgment interest to the plaintiff; and (c) granting such other relief as the Court deems just and proper.

## DEMAND FOR THE PRODUCTION OF DOCUMENTS
## SUNRISE SENIOR LIVING SERVICES, INC. d/b/a SUNRISE OF MARLBORO

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendants, Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro produce the following documentation within forty-five (45) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants is therefore required to continuously update its responses thereto as new information or as documentation comes in to existence.

1.    Identify by name and employment status and if not employed the last known address for those employees who cared for and treated plaintiff from 1/2019 through 12/2019.

2.    A copy of the index for the policy and procedure manual pertaining to nurses in effect from plaintiff's admissions from 1/2019 through 12/2019.

3.    A copy of the index for the policy and procedure manual pertaining to physical therapy in effect from plaintiff's admissions from 1/2019 through 12/2019.

4.    A copy of the index for the policy and procedure manual pertaining to occupational therapy in effect from plaintiff's admissions from 1/2019 through 12/2019.

5.    A copy of the general index for the policy and procedure manual for Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro in effect from plaintiff's admissions from 1/2019 through 12/2019.

6.    Copies of any and all policies in effect from plaintiff's admissions from 1/2019 through 12/2019 regarding evaluating patients/residents for level of assistance.

7.    Copies of any and all policies in effect from plaintiff's admissions from 1/2019 through 12/2019 regarding the provision of patient assist for ambulation and transfers.

8.    A copy of the census for from plaintiff's admissions from 1/2019 through 12/2019.

9.    A copy of the Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro's Policy and Procedure Manual in effect from plaintiff's admissions

from 1/2019 through 12/2019, for occupational therapy and physical therapy pertaining to all work done at Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro.

10.  Copies of all policies and procedures concerning transfers from plaintiff's admissions from 1/2019 through 12/2019.

11.  Copies of all policies and procedures concerning CNA responsibilities from plaintiff's admissions from 1/2019 through 12/2019.

12.  Copies of all policies and procedures concerning communication from physical therapy and/or occupational therapy to nursing staff concerning ambulatory and transfer needs of patients from plaintiff's admissions from 1/2019 through 12/2019.

13.  Copies of any and all Diet Manuals used in 2019.

14.  Survey results for the year 2019.

15.  Copies of any and all videos or other materials used in in-service education regarding transfers and/or patient ambulatory assistance needs from plaintiff's admissions from 1/2019 through 12/2019.

16.  The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies.  For each such policy of insurance, supply a copy of the Declaration Page therefrom.

17.  Copies of any and all documentation or reports, including but not limited to, incident and/or accident reports concerning the happening of the incident in question or any subsequent investigation of same.

18.  Copies of duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question or anything else relevant to the incident in question.

19.  Copies of any and all signed or unsigned statements, documents, communications and/or transmissions, whether in writing, made orally or otherwise records by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

20.  Copies of any and all documentation, including but not limited to, hospital manuals, statutes, rules, regulations, books and/or medical practitioner standards which refer to, reflect or otherwise relate to the incident

in question or any potential defense to the action in question.

21.   Copies of any and all discovery received from any other parties to the action in question.

22.   Copies of any and all reports and/or other investigations performed by any and all investigative authorities.

23.   Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiff or the incident in question.

24.   A list of Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro's agents and/or servants present at the areas where treatment and care were rendered to Robert M. Cassieri, their names, addresses and job titles.

25.   True and exact copies of all notes, memoranda or other documents developed during or as a result of any staff meetings concerning the care of Helen Snodgrass.

26.   A copy of the complete record of treatment of Helen Snodgrass certified to be a true copy.

27.   A copy of your license issued pursuant to N.J.S.A. 26:2h-12(a).

28.   A copy of the Application for License for Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro facility pursuant to N.J.S.A. 26:2H-12(a).

Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination.

The plaintiff hereby demands that the defendants preserve the product(s) or any other item(s) involved in the incident in question in its exact condition as it existed at the time of the happening of the incident in question and make same available to the plaintiff for inspection.

Please be advised, to the extent that a policy may pertain to any particular request but the language is not exactly the same, we would expect that policy or procedure to be produced. The particular language chosen is that of the attorney and may not mirror the exact same language used by the center. We respect a Good Faith attempt to provide all such policies and procedures which pertain to evaluation for performing transfers and assist levels of patients/residents.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Please take notice that the plaintiff demands that the defendants answer Form C and C-3 Interrogatories.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

Please take notice that the undersigned attorneys, counsel for the plaintiffs, do hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings, interrogatories, supplemental interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other material referred to therein, upon the undersigned attorneys, please take notice that this is a continuing demand.

## DEMAND FOR TRANSCRIPTION

Plaintiffs demand that each Defendant produce a typed transcription of any and all of his or her handwritten office records and hospital records, within 30 days of service of the Complaint.

## REJECTION OF ANY NOTICES OF ALLOCATION

Plaintiff(s) reject(s) any Notices of Allocation asserted by any defendant, whether made pursuant to R. 4:7-5 or otherwise.  Plaintiff(s) insists that the details upon which any claim of allocation is based be provided to plaintiff(s) in a timely manner in discovery as is required by Young v. Latta, 123 N.J. 584 (1991).

## JURY DEMAND

Please take notice that plaintiff hereby demands a Trial by jury as to all issues.

## AFFIDAVIT OF MERIT

See Affidavit of Merit of Nurse Susan K. Smith, DNP, RN, CEN, CCRN, CNLCP, CWOCH, CPC, CPB attached hereto.  If Defendants have any objection to the sufficiency of the affidavits of merit, demand is hereby made that Plaintiffs be immediately notified of any such deficiencies so that same may be corrected if necessary and within the time constraint of NJSA 2a:53a-26, *et. seq.*

## DESIGNATION OF TRIAL ATTORNEY

Please take notice that pursuant to Rule 4:25-4, Thomas F. Rinaldi, Esq. is hereby designated as Trial Counsel in the above captioned matter on behalf of the firm of Eichen Crutchlow Zaslow.

## CERTIFICATION

I hereby certify that this matter is not the subject matter of any other suit presently pending in any other court or in any American Arbitration proceeding. At this time we know of no other parties not named herein that should be joined.

Eichen Crutchlow Zaslow, LLP.
Attorneys for Plaintiffs

Dated:  August 23, 2021

Thomas F. Rinaldi, Esq.

## <u>CERTIFICATION PURSUANT TO R.1:38-7b</u>

Thomas F. Rinaldi, Esq., of full age, hereby certifies and says:

1.      I am an attorney-at-law of the State of New Jersey, and am an attorney in the law firm of Eichen Crutchlow Zaslow, LLP, attorneys for plaintiff in the above-captioned matter.

2.      To the best of my knowledge, all confidential personal identifiers have been redacted and all subsequent papers submitted to the court will not contain confidential personal identifiers in accordance with R.1:38-7b.

3.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

Eichen Crutchlow Zaslow, LLP.
Attorneys for Plaintiffs

Dated: August 23, 2021

Thomas F. Rinaldi, Esq.

Thomas F. Rinaldi, Esq.  Id. No. 026152010
Eichen Crutchlow Zaslow LLP.
40 Ethel Road
Edison, NJ 08817
(732) 777-0100
Attorneys for Plaintiff(s)

| | |
|---|---|
| IN RE: | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION |
| | :      COUNTY |
| | : |
| ESTATE OF ROBERT CASSIERI | : |
| | : DOCKET NO. |
| | : |
| | :      Civil Action |
| | : |
| | : |
| | :      AFFIDAVIT OF MERIT |

Susan K. Smith, DNP, RN, CEN, CCRN, CNLCP, CWOCH, CPC, CPB of full age, being duly sworn, upon my oath, deposes and says:

1.  I am a professional nurse licensed to practice in the Commonwealth of Pennsylvania and have practiced for at least five years in the field or specialty of Nursing.

2.  I have no financial interest in the outcome of this litigation.

3.  I have reviewed the medical records of Robert Cassieri and have been presented with his history.  I am of the opinion that there exists a reasonable probability that the care, skill or knowledge exercises or exhibited by Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro and its employees, fell outside professional treatment standards.

4.  I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: ~~March~~ *April* 2 , 2021          *Susan K Smith DNP RN CEN CCRN CNLCP CWOCH CPC CPB*

SUSAN K. SMITH, DNP, RN, CEN, CCRN,
CNLCP, CWOCH, CPC, CPB

Sworn to and subscribed before me
This_____ 2 _____ day of ~~March~~ *April* 2021.

*Mackenzie Marin*

NOTARY PUBLIC

> Commonwealth of Pennsylvania - Notary Seal
> Mackenzie Marin, Notary Public
> Blair County
> My commission expires October 14, 2023
> Commission number 1293920

IF ANY DEFENDANT HAS ANY OBJECTION TO THE SUFFICIENCY OF THIS
AFFIDAVIT OF MERIT; DEMAND IS HEREBY MADE THAT THE DEFENDANT
IMMEDIATELY NOTIFY THE PLAINTIFF OF ANY SUCH ALLEGED
DEFICIENCIES SO THAT SAME MAY BE CORRECTED IF NECESSARY AND
WITHIN THE TIME CONSTRAINT OF N.J.S.A. 2A:53A-26 ET SEQ.

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-002952-21

**Case Caption:** CASSIERI ROBERT  VS
SUNRISESENIORLIVINGS ERVICESI

**Case Initiation Date:** 08/25/2021

**Attorney Name:** THOMAS FRANK RINALDI

**Firm Name:** EICHEN CRUTCHLOW ZASLOW, LLP

**Address:** 40 ETHEL RD

EDISON NJ 08817

**Phone:** 7327770100

**Name of Party:** PLAINTIFF : Cassieri, Robert, M

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** MEDICAL MALPRACTICE

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Robert M Cassieri?** NO

**Are sexual abuse claims alleged by: Felicia Cassieri?** NO

**Are sexual abuse claims alleged by: Felicia Cassieri?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   healthcare provider/patient

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>08/25/2021</u>
Dated

<u>/s/ THOMAS FRANK RINALDI</u>
Signed

Monica Doss (Identification No. 262982018)
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036-6524
(212) 868-4831
*Attorneys for Defendant Sunrise Senior Living Services, Inc.*

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY,<br><br>                              Plaintiffs,<br><br>          v.<br><br>SUNRISE SENIOR LIVING SERVICES, INC. d/b/a SUNRISE OF MARLBORO, Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X) Mary and James Does, Nurses, R.N., L.P.N (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures of Plaintiffs' injury),<br><br>                              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MONMOUTH COUNTY<br><br>DOCKET NO.: MON-L-2952-21<br><br>CIVIL ACTION<br><br><br><br><br>                    **ANSWER** |

Defendant Sunrise Senior Living Services, Inc. (incorrectly pleaded as "Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro") ("SSLSI"), by and through its attorneys, White and Williams LLP, hereby answers the complaint filed August 25, 2021 (*see* Trans ID: LCV20211964522).

27968586v.1

## ANSWER TO "PARTIES"

1. SSLSI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. SSLSI denies the allegations in paragraph 2 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".  SSLSI specifically denies it was doing business as "Sunrise of Marlboro" at any time relevant to the Complaint.

3. SSLSI denies the allegations in paragraph 3 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

4. SSLSI denies the allegations in paragraph 4 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

5. SSLSI denies the allegations in paragraph 5 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

## ANSWER TO "FIRST COUNT (Nursing Home Violations)"

SSLSI denies the allegations in the initial, unnumbered paragraph under this count heading, and avers that it did not own, operate, or manage the facility known as "Sunrise of Marlboro".

1. The allegations of this paragraph state a legal conclusion which requires no response.  To the extent a response is required, SSLSI denies the allegations in paragraph 1.

2. SSLSI denies the allegations in paragraph 2. Furthermore, the allegations in paragraph 2 allege violations referring to a non-party to this case.

3. SSLSI denies the allegations in paragraph 3 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

-2-

**WHEREFORE**, SSLSI demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "SECOND COUNT (OBRA Violations)"

1. SSLSI  repeats its answers and further denies any allegations set forth in paragraph 1.

2. The allegations of paragraph 2 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 2.

3. The allegations of paragraph 3 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 3.

4. The allegations of paragraph 4 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 4.

**WHEREFORE**, SSLSI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "THIRD COUNT (Deviations from Standard of Practice)"

1. SSLSI repeats its answers and further denies any allegations set forth in paragraph 1.

2. SSLSI denies the allegations in paragraph 2 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

3. SSLSI denies the allegations in paragraph 3 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".  Defendant specifically denies it owed any duty to Plaintiffs.

4. SSLSI denies the allegations in paragraph 4 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

27968586v.1

5. The allegations of paragraph 5 state a legal conclusion which requires no response. To the extent a response is required, SSLSI denies the allegations in paragraph 5.

6. SSLSI denies the allegations in paragraph 6.

**WHEREFORE**, SSLSI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "FOURTH COUNT (Respondent Superior)"

1. SSLSI repeats its answers and further denies any allegations set forth in paragraph 1.

2. SSLSI denies the allegations in paragraph 2 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

3. SSLSI denies the allegations in paragraph 3 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

4. The allegations of paragraph 4 state a legal conclusion which requires no response. To the extent a response is required, SSLSI denies the allegations in paragraph 4 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

5. SSLSI denies the allegations in paragraph 5 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

6. The allegations of paragraph 6 state a legal conclusion which requires no response. To the extent a response is required, SSLSI denies the allegations in paragraph 6 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

7. SSLSI denies the allegations in paragraph 7.

-4-

**WHEREFORE**, SSLSI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "FIFTH COUNT (Reckless Indifference and Failure to Comply with The NJ Nursing Home Responsibilities & Rights of Residents Act and The Federal Nursing Home Reform Act)"

1. SSLSI  repeats its answers and further denies any allegations set forth in paragraph 1.

2. SSLSI  denies the allegations in paragraph 2 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

3. The allegations of paragraph 3 state a legal conclusion which requires no response. To the extent a response is required, SSLSI denies the allegations in paragraph 3 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

**WHEREFORE**, SSLSI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "SIXTH COUNT NEGLIGENCE/GROSS NEGLIGENT" (sic)

1. SSLSI repeats its answers and further denies any allegations set forth in paragraph 1.

2. SSLSI denies the allegations in paragraph 2 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

3. The allegations of paragraph 3 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 3.  SSLSI specifically denies it owed any duty to Plaintiffs.

-5-

27968586v.1

4.  The allegations of paragraph 4 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 4 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

5.  The allegations of paragraph 5 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 5 and avers that it did not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

**WHEREFORE**, SSLSI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "SEVENTH COUNT (Per Quad)"

1.  SSLSI repeats its answers and further denies any allegations set forth in paragraph 1.

2.  SSLSI is without knowledge or information sufficient to form a belief as to the truth of the allegations about the marital status of Felicia Cassieri in paragraph 2. To the extent the allegations in paragraph 2 concern SSLSI, SSLSI denies the allegations.

**WHEREFORE**, SSLSI demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "EIGHTH COUNT WRONGFUL DEATH"

1.  SSLSI repeats its answers and further denies any allegations set forth in paragraph 1.

2.  The allegations of paragraph 2 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 2 and avers that Robert Cassieri was not a medical patient of Sunrise Senior Living Services, Inc., nor did SSLSI own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

-6-

3.  SSLSI denies the allegations in paragraph 3.

4.  The allegations of paragraph 4 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 4.

    **WHEREFORE**, SSLSI demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

### ANSWER TO "NINETH COUNT SURVIVAL ACTION" (sic)

1.  SSLSI  repeats its answers and further denies any allegations set forth in paragraph 1.

2.  The allegations of paragraph 2 state legal conclusions which require no response. To the extent a response is required, SSLSI denies the allegations in paragraph 2 and avers that Robert Cassieri was not a medical patient of Sunrise Senior Living Services, Inc., nor did SSLSI own, operate, or manage the assisted living facility known as "Sunrise of Marlboro".

3.  SSLSI  denies the allegations in paragraph 3.

4.  The allegations of paragraph 4 state legal conclusions which require no response. To the extent a response is required, SSLSI  denies the allegations in paragraph 4.

5.  SSLSI  further denies any and all allegations in the complaint that are not explicitly admitted.

    **WHEREFORE**, SSLSI demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

### AFFIRMATIVE DEFENSES

1.  SSLSI never entered into a contract involving Robert Cassieri as a resident at Sunrise of Marlboro.

-7-

2. SSLSI does not own, operate, or manage the assisted living facility known as "Sunrise of Marlboro", nor did it own, operate, or manage the assisted living facility known as "Sunrise of Marlboro" at the time of the allegations in the complaint.

3. Plaintiffs' and plaintiffs' decedent's injuries or damages, if any, were caused by a third party over whom SSLSI had no control or responsibility.

4. Plaintiffs' and plaintiffs' decedent's injuries, if any, were unavoidable.

5. The complaint fails to state a cause of action upon which relief can be granted.

6. The complaint is or may be barred by the statute of limitations.

7. Plaintiffs lack standing to bring this action.

8. SSLSI 's acts or omissions were not the actual or proximate cause of Plaintiffs' alleged injuries and/or damages.

9. Plaintiffs' and plaintiffs' decedent's injuries or damages were the result of contributory negligence.

10. Plaintiffs' and plaintiffs' decedent knowingly assumed all risks that allegedly resulted in damages.

11. Plaintiffs' statutory claims against SSLSI are not viable because SSLSI did not and does not hold a license for the Sunrise of Marlboro community.

12. Plaintiffs' statutory claims against SSLSI are not viable because Sunrise of Marlboro is an assisted living community, not a nursing home.

13. SSLSI denies it owed any duty to Plaintiffs.

14. To the extent SSLSI owed a duty, if any, to Plaintiffs or Plaintiffs' decedent, SSLSI exercised all care reasonably necessary to prevent and limit any injury for which liability is asserted.

27968586v.1

15. Plaintiffs' and plaintiffs' decedent's injuries or damages were the result of contributory negligence.

16. Plaintiffs and plaintiffs' decedent knowingly assumed all risks that allegedly resulted in damages.

17. Plaintiffs and plaintiffs' decedent failed to mitigate damages.

18. SSLSI reserves the right to assert additional affirmative defenses that are discovered or become apparent in the future during the course of discovery, investigation, or otherwise.

## **Certification Pursuant to R. 4:5-1(b)(2)**

I hereby certify that, to my knowledge, the following is true:

(1)    the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding;

(2)    no other action or arbitration procedure is contemplated; and

(3)    no non-party should be joined in the action pursuant to R. 4:28, nor is any non-party subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

## **Certification of Compliance Under R. 1:38-7(c)**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

## **Designation of Trial Counsel**

Pursuant to R. 4:5-1(c), Sunrise hereby designates Rafael Vergara as trial counsel in this matter.

-9-

27968586v.1

Date: November 1, 2021

Respectfully submitted,

Rafael Vergara
Monica Doss, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 868-4831
dossm@whiteandwilliams.com
*Attorneys for Defendant Sunrise Senior Living Services, Inc.*

-10-

Monica Doss (Identification No. 262982018)
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036-6524
(212) 868-4831
*Attorneys for Defendant Sunrise Senior Living Services, Inc.*

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MONMOUTH COUNTY |
| Plaintiffs, | DOCKET NO.: MON-L-2952-21 |
| v. | CIVIL ACTION |
| SUNRISE SENIOR LIVING SERVICES, INC. d/b/a SUNRISE OF MARLBORO, Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X) Mary and James Does, Nurses, R.N., L.P.N (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures of Plaintiffs' injury), | **CERTIFICATION OF SERVICE** |
| Defendants. | |

I, Monica Doss, of full age, do hereby certify as follows:

1. I am an attorney-at-law in the state of New Jersey and I am an associate at White and Williams LLP.

2. On November 1, 2021, I caused to be served by electronic filing with the court **Answer**, which filing I believe resulted in notices permitting access to the file documents being sent to all counsel of record.

3.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: November 1, 2021                          Respectfully submitted,

                                                _____
                                                Monica Doss, Esq.
                                                White and Williams LLP
                                                7 Times Square, Suite 2900
                                                New York, New York 10036
                                                (212) 868-4831
                                                dossm@whiteandwilliams.com
                                                *Attorneys for Defendant Sunrise Senior Living Services, Inc.*

27968586v.1

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-002952-21**

**Case Caption:** CASSIERI ROBERT  VS
SUNRISESENIORLIVINGS ERVICESI

**Case Initiation Date:** 08/25/2021

**Attorney Name:** MONICA DOSS

**Firm Name:** WHITE AND WILLIAMS LLP

**Address:** 7 TIMES SQ STE 2900

NEW YORK NY 10036

**Phone:** 2122449500

**Name of Party:** DEFENDANT :
SUNRISESENIORLIVINGSERVICESINC

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** MEDICAL MALPRACTICE

**Document Type:** Answer

**Jury Demand:** NONE

**Is this a professional malpractice case?**  YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: FELICIA  CASSIERI? NO**

**Are sexual abuse claims alleged by: FELICIA  CASSIERI? NO**

**Are sexual abuse claims alleged by: ROBERT M CASSIERI? NO**

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>11/01/2021</u>
Dated

<u>/s/ MONICA DOSS</u>
Signed

*PREPARED BY THE COURT*

| | |
|---|---|
| *ESTATE OF ROBERT CASSIERI, et al,*<br>                                    Plaintiff,<br><br>                    v.<br><br>*SUNRISE SENIOR LIVING SERVICES,*<br>*INC., et al,*<br>                                    Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION- MONMOUTH COUNTY**<br><br>**Docket No.: MON-L- 2952-21**<br><br><br>**CIVIL CASE MANAGEMENT**<br>**SCHEDULING ORDER** |

IT IS, on this 24th day of    June    , **2022,** ORDERED AS FOLLOWS

1.  Current discovery end date is 1/25/2023.    New discovery end date 4/30/23.

2.  All Parties to propound interrogatories, (which are defined to include all paper discovery **as well as any medical or other authorizations requests**), by the due date or be barred.

                                                                        Due Date:    6/30/22

3.  All Parties to answer interrogatories by the due date.          Due Date:  8/30/22

4.  Fact and Party Depositions are to be completed by the due date.     Due Date:    10/30/22

5.  Defendants Exams are to be completed at least 60 days prior to DED.

6.  Plaintiffs' final expert reports (Liability and Damages, e.g. Medical)   Due Date: 12/31/22

7.  Defendants' final expert reports (Liability and Damages, e.g. Medical) Due Date: 2/28/23

8.  Expert Depositions are to be completed by the due date.          Due Date: 4/30/23

9.  The rate for expert fees for depositions shall not exceed $350 per hour. Any excess charges including charges for review and travel time are to be borne by the party offering the expert. The rate for the first hour shall be $350.00, thereafter the rate shall be prorated on the half hour.

10. **The discovery schedule shall not be changed without a conference between counsel and the Court. All discovery not completed shall be deemed waived.**

11. **A follow up case management conference shall be conducted on August 19, 2022 at 2:45pm via Zoom. Attorneys shall   If the discovery schedule is not being adhered to, then counsel shall confer at least one week prior to the follow up case management conference in an attempt to define and agree upon terms for the case management order. A proposed agreed upon case management order shall be submitted at the conference. If there are areas of disagreement, the attorneys shall identify the areas of disagreement so that they may be addressed at the follow up case management conference.**

12. DEPOSITIONS: According to this schedule, depositions of all plaintiff/defense experts shall be conducted no later than April 30, 2023. Although trial counsel's schedules are to be reasonably accommodated, the deposition date, once set, shall not be adjourned due to the unavailability of trial counsel whose client's interests are not the specific subject matter of the opinion of the particular expert being deposed.

13. Discovery Catch-All. Counsel are directed to cooperate with each other to implement the discovery consistent with this order, and counsel are free to modify, with consent of all counsel, any discovery deadline contained herein, unless the modification affects the discovery end date. **Counsel may request a telephone case management conference if problems or issues arise regarding this case management order.**

14. New Parties. In the event of joinder of new parties, all counsel shall provide the new party with copies of discovery, along with a copy of this order, within 20 days of the filing of responsive pleadings by the new party.

_/s/Kathleen A. Sheedy_

HON. KATHLEEN A. SHEEDY, J.S.C.

Track is confirmed: _____

Track changed to:   _____

Next Event date: 8/19/22 at 2:45pm
New DED:       4/30/23

EICHEN CRUTCHLOW ZASLOW, LLP
Thomas F. Rinaldi, Esq. Atty No.: 026152010
40 Ethel Road
Edison, NJ 08817
732-777-0100
Attorneys for Plaintiffs

---

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH COUNTY |

DOCKET NO. MON-L-2952-21

                    Plaintiff(s)

vs.                                                Civil Action

SUNRISE SENIOR LIVING SERVICES,
INC. d/b/a SUNRISE OF MARLBORO,          **STIPULATION OF DISMISSAL AS TO**
SUNRISE    SENIOR    LIVING              **1st, 2nd AND 5th COUNTS AND**
MANAGEMENT, INC. Jane Doe, Director of   **DEFENDANT SUNRISE SENIOR LIVING**
Nursing    (I-X),    John    Doe, Nursing **SERVICES, INC. d/b/a SUNRISE OF**
Administrator (I-X), Susan Doe, Nursing   **MARLBORO OF PLAINTIFF'S**
Supervisor, (I-X)Mary and James Does,    **COMPLAINT ONLY WITHOUT**
Nurses, R.N., L.P.N. (I-X) Sara Doe, Certified **PREJUDICE**
Nursing Assistant, (I-X) Joseph & Jane Doe,
Staff, (I-X) (a class of fictitiously named
Defendants representing a class of unknown or
unknowable Defendants including, but not
limited to, doctors, nurses and technicians who
rendered care to the Plaintiff or of whom
negligence is not suspected of at this present
time) and ABC Corporations 1-30, (a fictitious
designation representing the class of as yet
unknown corporate entities affiliated or
connected in any manner     with the individual
Defendants in this matter or with Plaintiff's care
and vicariously, directly or administratively
responsible for the other medical providers
actions or failures or Plaintiffs' injury),
                    Defendant(s)

---

The matter in difference in the above entitled action having been amicably adjusted by and

between all parties, it is hereby stipulated and agreed that 1st, 2nd and 5th Counts and Defendants

Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro pertaining to Plaintiffs' Complaint are

dismissed without prejudice.

Eichen Crutchlow Zaslow

Attorney for Plaintiffs

By: _____

Date: May 10, 2022                    THOMAS J. RINALDI, ESQ.


White and Williams LLP

Attorney for Defendant

By: _____

Date: June 23, 2022                   RAFAEL VERGARA, ESQ.

EICHEN CRUTCHLOW ZASLOW, LLP
Thomas F. Rinaldi, Esq. Atty No.: 026152010
40 Ethel Road
Edison, NJ 08817
732-777-0100
Attorneys for Plaintiffs

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH COUNTY |

DOCKET NO. MON-L-2952-21

Plaintiff(s)

vs.

Civil Action

SUNRISE SENIOR LIVING SERVICES, INC. d/b/a SUNRISE OF MARLBORO, Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X)Mary and James Does, Nurses, R.N., L.P.N. (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner        with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury),

**CONSENT ORDER TO AMEND COMPLAINT TO ADD SUNRISE SENIOR LIVING MANAGEMENT INC. AS THE ONLY DIRECT DEFENDANT**

Defendant(s)

The above captioned matter having been brought to the attention of the Court by Thomas F. Rinaldi, Esq. of Eichen, Crutchlow Zaslow, attorneys for Plaintiff and Monica Doss, Esq. of White and Williams, LLP. attorneys for Defendants having consented to the form and substance of this Order, pursuant to R. 4:42-1(d) and for good cause having been shown;

**IT IS** on this <u>5th</u> day of ~~April~~ July 2022:

**ORDERED as follows:**

**ORDERED** that Plaintiffs are hereby given leave to file the Amended Complaint to name Sunrise Senior Living Management, Inc. as the only defendant in this matter; and it is further

**ORDERED** that the Amended Complaint shall be filed within twenty (20) days of the receipt of this Order; and it is further

**ORDERED** that receipt of a duly executed copy of this Order by counsel for the Defendants already pled herein shall constitute formal service of process of the Amended Complaint upon said Defendants; and it is further

**ORDERED** that service of process of the Amended Complaint shall be issued against the newly named Defendant in accordance with the Rules of Court; and it is further

**ORDERED** that a copy of the within Order shall be deemed served on all counsel of record upon its posting by the Court to the eCourts case jacket.

/s/Kathleen A. Sheedy

HON. KATHLEEN A. SHEEDY,          J.S.C.

EICHEN CRUTCHLOW
ZASLOW,LLP Attorney for
Plaintiff, E/O Robert Cassieri

By: _____
    THOMAS F. RINALDI,
ESQ.


WHITE and WILLIAMS, LLP
Attorney for Defendant, Sunrise


By: _____
    RAFAEL VERGARA, ESQ.

Thomas F. Rinaldi, Esq.  Id. No. 026152010
Eichen Crutchlow Zaslow, LLC
40 Ethel Road
Edison, NJ 08817
(732) 777-0100
Attorneys for Plaintiff(s)

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH  COUNTY |
| | DOCKET NO. MON-L-2952-21 |
| Plaintiff(s) | |
| vs. | Civil Action |
| SUNRISE SENIOR LIVING MANAGEMENT, INC.,  Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X)Mary and James Does, Nurses, R.N., L.P.N. (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury), | **AMENDED COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AFFIDAVITS OF MERIT, REJECTION OF NOTICE OF ALLOCATION, DEMAND FOR INSURANCE COVERAGE, DEMAND FOR DOCUMENTS, DEMAND FOR TRANSCRIPTION, DEMAND FOR INTERROGATORIES, NOTICE TO TAKE DEPOSITIONS AND CERTIFICATION** |

_____

Defendant(s)

_____

The Plaintiff/decedent Estate of Robert M. Cassieri, by its Executor

Felicia Cassieri, and Felicia Cassieri, Individually, resided in the Township of

Old Bridge, County of Middlesex and State of New Jersey by way of Complaint

says:

## **PARTIES**

1. Plaintiff/decedent Robert M. Cassieri was born on May 12, 1932.

2. On or about October 21, 2019, and for a period of time preceding this

date, Plaintiff/decedent Robert M. Cassieri was a resident/patient of Defendants

Sunrise Senior Living Management, Inc.  Wherein during that time period and

thereafter doctors, nurses and staff deviated from accepted standards of care

and failed to provide Plaintiff/decedent Robert M. Cassieri with a safe

environment.   As a result of that negligence, Plaintiff/decedent Robert M.

Cassieri was caused to suffered devastating physical and mental injuries.

3. Defendants Sunrise Senior Living Management, Inc., were at all times

relevant hereto a profit entity engaged in the business of rehabilitation care of

the elderly and chronically ill or debilitated.  As such, this entity is subject to the

various Federal, State and Local statutory and regulatory requirements imposed

upon like institutions. Upon information and belief, at all times relevant hereto,

these entities were duly licensed by the State of New Jersey to engage in this

business and held themselves out as a facilities skilled in offering this type of rehabilitation care.

4.      Upon information and belief, Defendant Sunrise Senior Living Management, Inc. is duly licensed by the State of New Jersey to engage in said business. They hold themselves out as an organization skilled in offering rehabilitation care to the elderly.

5.      Mary and James Does, licensed as a R.N. by the State of New Jersey, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries), Jane Doe, Director of Nursing, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries),  John Doe Nursing Administrator, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries),  Susan Doe, Nursing Supervisor, (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries),  Sara Doe, Certified Nursing Assistant (I-X) (a fictitious designation representing a class of as yet unknown individuals involved directly or indirectly in Plaintiff's care and/or are otherwise responsible for Plaintiff's injuries), and Joseph Doe, Staff, (I-X)  (a fictitious designation representing a class of as yet unknown individuals involved directly

or indirectly in Plaintiff=s care and/or are otherwise responsible for Plaintiff's injuries), ABC Corporation, (1-30) (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injuries), and are those who were charged with evaluating, diagnosing, caring for, protecting, supervising and managing the needs of  Plaintiff/decedent Robert M. Cassieri. They also represent those charged with administration, staffing, training and with the development and implementation of standards and procedures at this institution and those charged with evaluating Plaintiff/decedent Robert M. Cassieri and other patients at their time of admission and over the course of their residency for the purpose of establishing care plans, including the steps necessary to protect each patient from injury. Upon information and belief, each was an actual and/or apparent agent, servant and/or employee of Defendants Sunrise Senior Living Management, Inc. and/or  ABC (1-30) (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injuries) during the time period relevant hereto.

## FIRST COUNT
### (Nursing Home Violations)

Plaintiff/decedent Robert M. Cassieri was a patient at Defendants Sunrise Senior Living Management, Inc. Defendants Sunrise Senior Living Management, Inc. conducts business in State of New Jersey, in the County of Monmouth. Plaintiff/decedent Robert M. Cassieri was a patient of defendants from September 2019 thru October 2019.

1.      Each defendant has violated each and every applicable Federal, State and local statute/regulation providing protections to nursing home residents, including, but in no way limited to <u>N.J.S.A.</u> 30:13 through 30:13-17, OBRA 42 USC 1395i et seq., 42 CFR 483.1 et seq., 488.300 et seq. and 488.400 et seq., relevant Medicare statutes and any other applicable statute or regulation as outlined in Court II as if more fully stated herein.

2.      As a direct consequence of said violations Helen Snodgrass sustained personal injuries and financial injury.

3.      Defendants Sunrise Senior Living Management, Inc. is a for-profit skilled nursing home and subsidiary and division of ABC Corporations 1-30 and/or managed by ABC Corporations 1-30, also a subsidiary of the aforementioned, and each and every act attributed to them and their employees in this complaint was conducted in the scope and course of their business.

**<u>SECOND COUNT</u>**

**<u>(OBRA Violations)</u>**

1.     For the sake of brevity, the plaintiff/decedent hereby repeat the allegations of the previous Count and incorporate those allegations in this Count as if set forth more fully herein.

2.     N.J.S.A. 30:13, et. seq. requires that defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff' injury) by way of the definition of "Rehabilitation Care Facility" comply with all Federal, State and local regulations with regard to long-term care facilities.

3.     The defendants violated OBRA regulations, which establish the minimum standard of care to be followed by defendants, including but not limited to the following:(A) 42 C.F.R. § 483.13(c)(2) the facility must ensure that all alleged violations involving mistreatment, neglect or abuse, including injuries of unknown source are reported immediately to the Administrator of the facility and to other officials in accordance with State law through established

procedures, including to the State Survey and Certification Agency;(B) 42 C.F.R. § 483.30(a)(1) the facility must provide services by sufficient number of each of the following types of personnel on a twenty four (24) hour basis to provide nursing care to all residents in accordance with resident care plans (i) except when waived under paragraph (c) of this section, licensed nurses; and (ii) other nursing personnel;(C) 42 C.F.R. § 483.25 each resident must receive and the facility must provide, the necessary care and services to attain and maintain the highest practicable physical, mental and psychological well-being, in accordance with the comprehensive assessment;(D) 42 C.F.R. § 483.20(b)(4)(iv) the facility failed to conduct an assessment after a significant change in resident's condition;(E) 42 C.F.R. § 483.20(d)(1) Comprehensive Care Plans the facility must develop a comprehensive care plan that includes measurable objectives and timetables to meet a resident's medical, nursing, mental and psychosocial needs that are identified in the comprehensive assessment.  The plan of care must deal with the relationship of items or services ordered to be provided (or withheld) to the facility's responsibility for fulfilling other requirements in these regulations;(F) 42 C.F.R. § 483.25 each resident must receive and the facility must provide, the necessary care and services to attain or maintain the highest practicable physical, mental and psychological well-being, in accordance with the comprehensive assessment;(G)  42 C.F.R. § 483.20(b)(4)(iv) the facility failed to conduct an assessment after a significant change in resident's condition.

4.    Plaintiff/decedent Robert M. Cassieri fell within the class of persons the statutory rules, regulations and laws were intended to protect by virtue of

N.J.S.A. 30:13, et seq, thus entitling the plaintiffs to adopt such laws as the standard of care for measuring defendants' conduct.

**WHEREFORE,** the plaintiff/decedent Robert M. Cassieri demands judgment against the Defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury), jointly, severally, and in the alternative, consistent with OBRA Regulations by virtue of N.J.S.A. 30:13, et. seq. for actual damages, punitive damages, reasonable attorneys' fees and costs for bringing said action.

## THIRD COUNT
### (Deviations from Standard of Practice)

1.     For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2.     At all relevant times hereto, the Defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X), (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury) knew or should have known that their residents were infirm and in need of particular care and supervision.

3.     The Defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X), failed to exercise adequate care and supervision of their residents, such as the plaintiff, to whom they owed such a duty.

4.     The Defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) further failed to adequately evaluate the plaintiff as a fall risk

and /or failed to take adequate and appropriate measures to prevent plaintiff's fall.

5.     Defendants deviated from accepted Standard of Practice.

6.     As a direct and proximate result of the aforesaid carelessness, recklessness and negligence of the Defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X), Plaintiff Helen Snodgrass sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, was forced to incur medical expenses in the care and treatment of said injuries and scarring.

**WHEREFORE,** the plaintiff/decedent Robert M. Cassieri demands judgment against the Defendants, Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations (1-30), (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions

or failures or Plaintiff's injury, individually, jointly, severally, and in the alternative which will reasonably compensate them for the significant injuries, pain and suffering, wrongful death and other damages sustained together with attorneys' fees, interest and costs of suit.

## FOURTH COUNT

### (Respondent Superior)

1.     For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2.     At all relevant time hereto, defendants Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X), were employees of Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro.

3.     Defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively

responsible for the other medical providers actions or failures or Plaintiff's injury) is responsible for hiring competent supervisors, managers, nurses and any other personnel necessary to oversee and monitor Defendants Sunrise Senior Living Management, Inc. and its residents, such as plaintiff/decedent Robert M. Cassieri.

4.      The managers, supervisors, nurses including defendant Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) and others personnel at Sunrise Senior Living Services, Inc. d/b/a Sunrise of Marlboro, John/Jane Does 1-30, (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury) failed to exercise due care in monitoring the residents therein and otherwise deviated from accepted standard of care and/or violated the nursing home bill of rights.

5.      The managers, supervisors, nurses and other personnel at Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X),

Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury) failed to exercise due care in evaluating plaintiff and concluding that he was a viable candidate for living at the establishment.

6.      Defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury) is liable for the negligence, carelessness and recklessness of its employees and agents under the Doctrine of <u>Respondent</u> <u>Superior</u>.

7.     As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiff's injury), plaintiff sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, was forced to incur medical expenses in the care and treatment of said injuries, and scarring.

**WHEREFORE,** the plaintiff/decedent Robert M. Cassieri demands judgment against the Defendants, Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff/decedent) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet

unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury) individually, jointly, severally, and in the alternative which will reasonably compensate them for the significant injuries, pain and suffering, wrongful death and other damages sustained together with attorneys' fees, interest and costs of suit.

## FIFTH COUNT
## (Reckless Indifference and Failure to Comply with The NJ Nursing Home Responsibilities & Rights of Residents Act and The Federal Nursing Home Reform Act)

1.     For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2.     The aforementioned acts of the defendants Sunrise Senior Living Management, Inc., Jane Doe, Director of Nursing Supervisor (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X), Mary and James Doe, Nurses (I-X), Joseph Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical

providers actions or failures or Plaintiffs' injury) were outrageous and performed willfully, wantonly and with complete disregard to plaintiff-decedent's rights and in reckless indifference to the rights of others and specifically plaintiff/decedent Robert M. Cassieri and his family, and those acts further shocked the conscience of the community.

3.    Moreover, doctors, nurses and staff were required to and failed to comply with the NJ Nursing Home Responsibilities & Rights of Residents Act and the Federal Nursing Home Reform Act because they did not protect Plaintiff's right to freedom from abuse, mistreatment and neglect; to accommodation of medical, physical, psychological and social needs; the right to be treated with dignity; the right to participate in the review of one's care plan and to be fully informed in advance about any changes in care, treatment or change of status in the facility.

**WHEREFORE,** the plaintiff/decedent Robert M. Cassieri demands judgment against the defendants,  Sunrise Senior Living Management, Inc., (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs'

injury)individually, jointly, severally, and In the alternative for punitive damages, reasonable attorneys' fees and costs of suit.

## SIXTH COUNT
## NEGLIEGENCE/GROSS NEGLIGENT

1. For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2. The plaintiff was dependent upon the defendants upon the defendants for her care, treatment, safety and well-being.

3. The defendants collectively have a duty of care to the plaintiff.

4.  As a result of the series of actions and inactions stemming from their failure to provide a safe environment for the plaintiff, failing to train and supervise staff, failing to oversee the facility, improperly licensing the facility, and failing to provide prompt medical treatment, the defendants breached that duty of care and proximately caused the plaintiff serious, permanent and irreparable injury.

5.  The actions of the various defendants constitutes gross negligence under the circumstances.

**WHEREFORE,** plaintiff/decedent demands judgment against the defendants jointly, severally, and in the alternative (a) awarding compensatory damages including payments and economic loss for the personal injuries suffered by the plaintiff (b) awarding prejudgment and post- judgment interest

to the plaintiff; (c) awarding costs and expenses of this litigation; (d) awarding reasonable attorney's fees and costs to the plaintiff; awarding punitive damages to the plaintiff pursuant to N.J.S.A. 2A:15-5.9 *et seq* and granting any such other relief as the Court deems equitable, just and proper under these circumstances.

## SEVENTH COUNT
### (Per Quod)

1.     Plaintiff, Felicia Cassieri, repeats the allegations contained in the prior counts and makes them a part hereof as though the same were more fully set forth herein and made a part hereof.

2.     At the time of the malpractice and down to the present date, Felicia Cassieri, has been the wife of Robert M. Cassieri and, as such, is entitled to her love, services and consortium, all of which she has been deprived of due to the negligence of the defendants.

**WHEREFORE**, the plaintiff, Felicia Cassieri, demands judgment against the defendants on this Count for damages, interest and costs of suit.

## EIGHTH COUNT
### WRONGFUL DEATH

1. For the sake of brevity, the plaintiff/decedent hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2.     The Defendants failed to exercise reasonable care in the medical management of their patient, deviated from accepted standards of medical care and were negligent.

3.     As a direct and proximate consequence of the defendants' deviation from accepted standards of care, Robert M. Cassieri sustained severe and permanent injuries including death, endured profound pain and suffering, suffered pecuniary loss, incurred financial obligations and was otherwise caused to suffer damage.

4.  Plaintiff, by its Executor, Felicia Cassieri, brings this action for all of the pecuniary losses suffered by the heirs of the decedent, including funeral expenses, medical expenses, loss of guidance, companionship, advice and consortium and otherwise, as provided by N.J.S.A. 2A:31-1, et seq., "The Wrongful Death Act" and any and all other recoverable damages authorized by this statute.

**WHEREFORE**, plaintiff/decedent demands judgment against the defendants, jointly, severally, and in the alternative: (a)awarding compensatory damages for the injuries to the plaintiff; (b) awarding pre-judgment and post-judgment interest to the plaintiff; (c) granting such other relief as the Court deems just and proper.

**NINETH COUNT**

**SURVIVAL ACTION**

1. For the sake of brevity, the plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2. The Defendants failed to exercise reasonable care in the medical management of their patient, acted below accepted standards of care and were negligent.

3. As a direct and proximate consequence of the defendants' deviations from accepted standards of care, Robert M. Cassieri sustained severe and permanent injuries including death, endured profound pain and suffering, suffered pecuniary loss, incurred financial obligations and was otherwise caused to suffer damage.

4. Plaintiff, Estate of Robert M. Cassieri, by its Executor, Felicia Cassieri brings this action for all of the damages sustained by Robert Cassieri prior to his death and for all other damages afforded through N.J.S.A. 2A:15-3, et seq., "The Survival Statute".

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly, severally, and in the alternative: (a) awarding compensatory damages for the injuries to the plaintiff; (b) awarding pre-judgment and post-judgment interest to the plaintiff; and (c) granting such other relief as the Court deems just and proper.

## DEMAND FOR THE PRODUCTION OF DOCUMENTS
## SUNRISE SENIOR LIVING MANAGEMENT, INC.

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendants, Sunrise Senior Living Management, Inc. produce the following documentation within forty-five (45) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendants is therefore required to continuously update its responses thereto as new information or as documentation comes in to existence.

1.    Identify by name and employment status and if not employed the last known address for those employees who cared for and treated plaintiff from 1/2019 through 12/2019.

2.    A copy of the index for the policy and procedure manual pertaining to nurses in effect from plaintiff's admissions from 1/2019 through 12/2019.

3.    A copy of the index for the policy and procedure manual pertaining to physical therapy in effect from plaintiff's admissions from 1/2019 through 12/2019.

4.    A copy of the index for the policy and procedure manual pertaining to occupational therapy in effect from plaintiff's admissions from 1/2019 through 12/2019.

5.    A copy of the general index for the policy and procedure manual for Sunrise Senior Living Management, Inc., in effect from plaintiff's admissions from 1/2019 through 12/2019.

6.    Copies of any and all policies in effect from plaintiff's admissions from 1/2019 through 12/2019 regarding evaluating patients/residents for level of assistance.

7.    Copies of any and all policies in effect from plaintiff's admissions from 1/2019 through 12/2019 regarding the provision of patient assist for ambulation and transfers.

8.    A copy of the census for from plaintiff's admissions from 1/2019 through 12/2019.

9.    A copy of the Sunrise Senior Living Management, Inc. Policy and Procedure Manual in effect from plaintiff's admissions from 1/2019 through

12/2019, for occupational therapy and physical therapy pertaining to all work done at Sunrise Senior Living Management, Inc.

10.   Copies of all policies and procedures concerning transfers from plaintiff's admissions from 1/2019 through 12/2019.

11.   Copies of all policies and procedures concerning CNA responsibilities from plaintiff's admissions from 1/2019 through 12/2019.

12.   Copies of all policies and procedures concerning communication from physical therapy and/or occupational therapy to nursing staff concerning ambulatory and transfer needs of patients from plaintiff's admissions from 1/2019 through 12/2019.

13.   Copies of any and all Diet Manuals used in 2019.

14.   Survey results for the year 2019.

15.   Copies of any and all videos or other materials used in in-service education regarding transfers and/or patient ambulatory assistance needs from plaintiff's admissions from 1/2019 through 12/2019.

16.   The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies.  For each such policy of insurance, supply a copy of the Declaration Page therefrom.

17.   Copies of any and all documentation or reports, including but not limited to, incident and/or accident reports concerning the happening of the incident in question or any subsequent investigation of same.

18.   Copies of duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question or anything else relevant to the incident in question.

19.   Copies of any and all signed or unsigned statements, documents, communications and/or transmissions, whether in writing, made orally or otherwise records by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

20.   Copies of any and all documentation, including but not limited to, hospital manuals, statutes, rules, regulations, books and/or medical practitioner standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.

21.　　Copies of any and all discovery received from any other parties to the action in question.

22.　　Copies of any and all reports and/or other investigations performed by any and all investigative authorities.

23.　　Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiff or the incident in question.

24.　　A list of Sunrise Senior Living Management, Inc. agents and/or servants present at the areas where treatment and care were rendered to Robert M. Cassieri, their names, addresses and job titles.

25.　　True and exact copies of all notes, memoranda or other documents developed during or as a result of any staff meetings concerning the care of Helen Snodgrass.

26.　　A copy of the complete record of treatment of Helen Snodgrass certified to be a true copy.

27.　　A copy of your license issued pursuant to N.J.S.A. 26:2h-12(a).

28.　　A copy of the Application for License for Sunrise Senior Living Management, Inc. facility pursuant to N.J.S.A. 26:2H-12(a).

Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination.

The plaintiff hereby demands that the defendants preserve the product(s) or any other item(s) involved in the incident in question in its exact condition as it existed at the time of the happening of the incident in question and make same available to the plaintiff for inspection.

Please be advised, to the extent that a policy may pertain to any particular request but the language is not exactly the same, we would expect that policy or procedure to be produced. The particular language chosen is that of the attorney and may not mirror the exact same language used by the center. We respect a Good Faith attempt to provide all such policies and procedures which pertain to evaluation for performing transfers and assist levels of patients/residents.

## **DEMAND FOR ANSWERS TO INTERROGATORIES**

Please take notice that the plaintiff demands that the defendants answer Form C and C-3 Interrogatories.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

Please take notice that the undersigned attorneys, counsel for the plaintiffs, do hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings, interrogatories, supplemental interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other material referred to therein, upon the undersigned attorneys, please take notice that this is a continuing demand.

## DEMAND FOR TRANSCRIPTION

Plaintiffs demand that each Defendant produce a typed transcription of any and all of his or her handwritten office records and hospital records, within 30 days of service of the Complaint.

## REJECTION OF ANY NOTICES OF ALLOCATION

Plaintiff(s) reject(s) any Notices of Allocation asserted by any defendant, whether made pursuant to R. 4:7-5 or otherwise.  Plaintiff(s) insists that the details upon which any claim of allocation is based be provided to plaintiff(s) in a timely manner in discovery as is required by Young v. Latta, 123 N.J. 584 (1991).

## **JURY DEMAND**

Please take notice that plaintiff hereby demands a Trial by jury as to all issues.

## **AFFIDAVIT OF MERIT**

See Affidavit of Merit of Nurse Susan K. Smith, DNP, RN, CEN, CCRN, CNLCP, CWOCH, CPC, CPB attached hereto.  If Defendants have any objection to the sufficiency of the affidavits of merit, demand is hereby made that Plaintiffs be immediately notified of any such deficiencies so that same may be corrected if necessary and within the time constraint of NJSA 2a:53a-26, *et. seq.*

## **DESIGNATION OF TRIAL ATTORNEY**

Please take notice that pursuant to Rule 4:25-4, Thomas F. Rinaldi, Esq. is hereby designated as Trial Counsel in the above captioned matter on behalf of the firm of Eichen Crutchlow Zaslow.

## **CERTIFICATION**

I hereby certify that this matter is not the subject matter of any other suit presently pending in any other court or in any American Arbitration proceeding. At this time we know of no other parties not named herein that should be joined.

Eichen Crutchlow Zaslow, LLP.
Attorneys for Plaintiffs

Dated:  July 7, 2022          **/s/ Thomas F. Rinaldi**

Thomas F. Rinaldi, Esq.

## CERTIFICATION PURSUANT TO R.1:38-7b

Thomas F. Rinaldi, Esq., of full age, hereby certifies and says:

1.      I am an attorney-at-law of the State of New Jersey, and am an attorney in the law firm of Eichen Crutchlow Zaslow, LLP, attorneys for plaintiff in the above-captioned matter.

2.      To the best of my knowledge, all confidential personal identifiers have been redacted and all subsequent papers submitted to the court will not contain confidential personal identifiers in accordance with R.1:38-7b.

3.      I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

Eichen Crutchlow Zaslow, LLP.
Attorneys for Plaintiffs

Dated: July 7, 2022                          **/s/ Thomas F. Rinaldi**

Thomas F. Rinaldi, Esq.

Monica Doss (Identification No. 262982018)
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036-6524
(212) 868-4831
*Attorneys for Defendant Sunrise Senior Living Management, Inc.*

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MONMOUTH COUNTY |
| Plaintiffs, | DOCKET NO.: MON-L-2952-21 |
| v. | CIVIL ACTION |
| SUNRISE SENIOR LIVING MANAGEMENT, INC., Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X)Mary and James Does, Nurses, R.N., L.P.N. (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury), | |
| | **ANSWER TO AMENDED COMPLAINT** |
| Defendants. | |

Defendant Sunrise Senior Living Management, Inc. ("SSLMI"), by and through its attorneys, White and Williams LLP, hereby answers the amended complaint filed July 7, 2022, (*see* Trans ID: LCV20222499950).

## ANSWER TO "PARTIES"

1. SSLMI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. SSLMI denies the allegations in paragraph 2, but admits only that it managed an assisted living facility known as "Sunrise of Marlboro" located at 3A South Main Street, Marlboro, New Jersey, and that Robert Cassieri was a resident there.

3. SSLMI denies the allegations in paragraph 3, but admits only that it managed an assisted living facility known as "Sunrise of Marlboro" located at 3A South Main Street, Marlboro, New Jersey, and that Robert Cassieri was a resident there.

4. SSLMI denies the allegations in paragraph 4, but admits only that it managed an assisted living facility known as "Sunrise of Marlboro" located at 3A South Main Street, Marlboro, New Jersey.

5. The allegations of paragraph 5 are directed at another defendant and require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 5.

## ANSWER TO "FIRST COUNT (Nursing Home Violations)"

SSLMI denies the allegations in the initial, unnumbered paragraph under this count heading, but admits only that it managed an assisted living facility known as "Sunrise of Marlboro" located at 3A South Main Street, Marlboro, New Jersey.

1. The allegations of this paragraph state a legal conclusion which requires no response. To the extent a response is required, SSLMI denies the allegations in paragraph 1.

2. SSLMI denies the allegations in paragraph 2. Furthermore, the allegations in paragraph 2 make allegations referring to a non-party to this case.

29201096v.1

3.  SSLMI denies the allegations in paragraph 3, but admits only that it managed an assisted living facility known as "Sunrise of Marlboro" located at 3A South Main Street, Marlboro, New Jersey.

    **WHEREFORE**, SSLMI demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

### ANSWER TO "SECOND COUNT (OBRA Violations)"

1.  SSLMI repeats its answers and further denies any allegations set forth in paragraph 1.

2.  The allegations of paragraph 2 state legal conclusions which require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 2.

3.  The allegations of paragraph 3 state legal conclusions which require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 3.

4.  The allegations of paragraph 4 state legal conclusions which require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 4.

    **WHEREFORE**, SSLMI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

### ANSWER TO "THIRD COUNT (Deviations from Standard of Practice)"

1.  SSLMI repeats its answers and further denies any allegations set forth in paragraph 1.

2.  SSLMI denies the allegations in paragraph 2 but admits only that it managed an assisted living facility known as "Sunrise of Marlboro" located at 3A South Main Street, Marlboro, New Jersey.

3.  SSLMI denies the allegations in paragraph 3.

29201096v.1

4.  SSLMI denies the allegations in paragraph 4.

5.  The allegations of paragraph 5 state a legal conclusion which requires no response. To the extent a response is required, SSLMI denies the allegations in paragraph 5.

6.  SSLMI denies the allegations in paragraph 6. Furthermore, the allegations in paragraph 5 make allegations referring to a non-party to this case.

**WHEREFORE**, SSLMI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "FOURTH COUNT (Respondent Superior)"

1.  SSLMI repeats its answers and further denies any allegations set forth in paragraph 1.

2.  The allegations of paragraph 2 are directed at a non-party to this case, and as such do not require a response. To the extent a response is required, SSLMI denies the allegations in paragraph 2, but admits only that it managed an assisted living facility known as "Sunrise of Marlboro" located at 3A South Main Street, Marlboro, New Jersey.

3.  SSLMI denies the allegations in paragraph 3.

4.  SSLMI denies the allegations in paragraph 4.

5.  SSLMI denies the allegations in paragraph 5.

6.  The allegations of paragraph 6 state a legal conclusion which requires no response. To the extent a response is required, SSLMI denies the allegations in paragraph 6.

7.  SSLMI denies the allegations in paragraph 7.

**WHEREFORE**, SSLMI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3)

-4-

fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

### ANSWER TO "FIFTH COUNT (Reckless Indifference and Failure to Comply with The NJ Nursing Home Responsibilities & Rights of Residents Act and The Federal Nursing Home Reform Act)"

1. SSLMI repeats its answers and further denies any allegations set forth in paragraph 1.

2. SSLMI denies the allegations in paragraph 2.

3. SSLMI denies the allegations in paragraph 3.

**WHEREFORE**, SSLMI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

### ANSWER TO "SIXTH COUNT NEGLIGENCE/GROSS NEGLIGENT" (sic)

1. SSLMI repeats its answers and further denies any allegations set forth in paragraph 1.

2. SSLMI denies the allegations in paragraph 2 and avers that all services rendered to Robert Cassieri were reasonable and consistent with the applicable standard of care, as well as state and local laws and regulations.

3. The allegations of paragraph 3 state legal conclusions which require no response. To the extent a response is required, SSLMI avers that all services rendered to Robert Cassieri were reasonable and consistent with the applicable standard of care, as well as state and local laws and regulations.

4. The allegations of paragraph 4 state legal conclusions which require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 4.

5. The allegations of paragraph 5 state legal conclusions which require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 5.

29201096v.1

**WHEREFORE**, SSLMI denies all allegations contained in the Wherefore clause of the Complaint and demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "SEVENTH COUNT (Per Quod)"

1. SSLMI repeats its answers and further denies any allegations set forth in paragraph 1.

2. SSLMI is without knowledge or information sufficient to form a belief as to the truth of the allegations about the marital status of Felicia Cassieri in paragraph 2. To the extent the allegations in paragraph 2 concern SSLMI, SSLMI denies the allegations.

**WHEREFORE**, SSLMI demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## ANSWER TO "EIGHTH COUNT WRONGFUL DEATH"

1. SSLMI repeats its answers and further denies any allegations set forth in paragraph 1.

2. The allegations of paragraph 2 state legal conclusions which require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 2 and avers that all services rendered to Robert Cassieri were reasonable and consistent with the applicable standard of care, as well as state and local laws and regulations.

3. SSLMI denies the allegations in paragraph 3.

4. The allegations of paragraph 4 state legal conclusions which require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 4.

**WHEREFORE**, SSLMI demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

29201096v.1

## ANSWER TO "NINETH COUNT SURVIVAL ACTION" (sic)

1. SSLMI repeats its answers and further denies any allegations set forth in paragraph 1.

2. SSLMI denies the allegations in paragraph 2 and avers that all services rendered to Robert Cassieri were reasonable and consistent with the applicable standard of care, as well as state and local laws and regulations.

3. SSLMI denies the allegations in paragraph 3.

4. The allegations of paragraph 4 state legal conclusions which require no response. To the extent a response is required, SSLMI denies the allegations in paragraph 4.

5. SSLMI further denies any and all allegations in the complaint that are not explicitly admitted.

   **WHEREFORE**, SSLMI demands (1) judgment in its favor dismissing all claims against it, (2) costs, (3) fees, (4) attorneys' fees, (5) expenses, and (6) any other relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' and plaintiffs' decedent's injuries or damages, if any, were caused by a third party over whom SSLMI had no control or responsibility.

2. Plaintiffs' and plaintiffs' decedent's injuries, if any, were unavoidable.

3. The complaint fails to state a cause of action upon which relief can be granted.

4. The complaint is or may be barred by the statute of limitations.

5. Plaintiffs lack standing to bring this action.

6. SSLMI 's acts or omissions were not the actual or proximate cause of Plaintiffs' alleged injuries and/or damages.

7. Plaintiffs' and plaintiffs' decedent's injuries or damages were the result of contributory negligence.

29201096v.1

8. Plaintiffs' and plaintiffs' decedent knowingly assumed all risks that allegedly resulted in damages.

9. Plaintiffs' statutory claims against SSLMI are not viable because Sunrise of Marlboro is an assisted living community, not a nursing home.

10. To the extent SSLMI owed a duty to Plaintiffs or Plaintiffs' decedent, SSLMI exercised all care reasonably necessary to prevent and limit any injury for which liability is asserted.

11. Plaintiffs' and plaintiffs' decedent's injuries or damages were the result of contributory negligence.

12. Plaintiffs and plaintiffs' decedent knowingly assumed all risks that allegedly resulted in damages.

13. Plaintiffs and plaintiffs' decedent failed to mitigate damages.

14. SSLMI reserves the right to assert additional affirmative defenses that are discovered or become apparent in the future during the course of discovery, investigation, or otherwise.

## <u>Certification Pursuant to R. 4:5-1(b)(2)</u>

I hereby certify that, to my knowledge, the following is true:

(1) the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding;

(2) no other action or arbitration procedure is contemplated; and

(3) no non-party should be joined in the action pursuant to R. 4:28, nor is any non-party subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

29201096v.1

## Certification of Compliance Under R. 1:38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

## Designation of Trial Counsel

Pursuant to R. 4:5-1(c), Sunrise hereby designates Rafael Vergara as trial counsel in this matter.

Date: July 27, 2022

Respectfully submitted,

Monica Doss, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 868-4831
dossm@whiteandwilliams.com
*Attorneys for Defendant Sunrise Senior Living Management, Inc.*

-9-

Monica Doss (Identification No. 262982018)
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036-6524
(212) 868-4831
*Attorneys for Defendant Sunrise Senior Living Management, Inc.*

| | |
|---|---|
| ESTATE OF ROBERT M. CASSIERI, BY ITS EXECUTOR, FELICIA CASSIERI and FELICIA CASSIERI, INDIVIDUALLY,<br><br>Plaintiffs,<br><br>v.<br><br>SUNRISE SENIOR LIVING MANAGEMENT, INC., Jane Doe, Director of Nursing (I-X), John Doe, Nursing Administrator (I-X), Susan Doe, Nursing Supervisor, (I-X)Mary and James Does, Nurses, R.N., L.P.N. (I-X) Sara Doe, Certified Nursing Assistant, (I-X) Joseph & Jane Doe, Staff, (I-X) (a class of fictitiously named Defendants representing a class of unknown or unknowable Defendants including, but not limited to, doctors, nurses and technicians who rendered care to the Plaintiff or of whom negligence is not suspected of at this present time) and ABC Corporations 1-30, (a fictitious designation representing the class of as yet unknown corporate entities affiliated or connected in any manner with the individual Defendants in this matter or with Plaintiff's care and vicariously, directly or administratively responsible for the other medical providers actions or failures or Plaintiffs' injury),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MONMOUTH COUNTY<br><br>DOCKET NO.: MON-L-2952-21<br><br>CIVIL ACTION<br><br><br><br>**CERTIFICATION OF SERVICE** |

I, Monica Doss, of full age, do hereby certify as follows:

1. I am an attorney-at-law in the state of New Jersey and I am an associate at White and Williams LLP.

2. On July 27, 2022, I caused to be served by electronic filing with the court **Answer to Amended Complaint**, which filing I believe resulted in notices permitting access to the file documents being sent to all counsel of record.

29201096v.1

3.  I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: July 27, 2022

Respectfully submitted,

Monica Doss, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, New York 10036
(212) 868-4831
dossm@whiteandwilliams.com
*Attorneys for Defendant Sunrise Senior Living Management, Inc.*

-11-